United States District Court
Southern District of Texas
**ENTERED**
September 01, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENDRICK JOHNSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-1339 |
| | § | |
| ORIGINAL CHOP SHOP, | § | |
| | § | |
| *Defendants*. | § | |

## **ORDER**

Before the Court is the motion to dismiss filed by Defendant Chop Shop Holdings, LLC ("Defendant"), incorrectly named as Original Chop Shop in the pleadings. (Doc. No. 7). Plaintiff Kendrick Johnson ("Plaintiff") responded in opposition. (Doc. No. 8). After reviewing the briefing and applicable law, the Court **GRANTS** Defendant's Motion to Dismiss.

### I. Background

According to Plaintiff's First Amended Original Complaint (Doc. No. 4) and First Amended Employment Discrimination Complaint (Doc. No. 5), Plaintiff, as Defendant's employee, was driving to work on October 8, 2021, when he received a call from Derek Welle ("Welle"), Defendant's General Manager. (Doc. No. 4). Welle allegedly informed Plaintiff that his employment had been terminated. (*Id.*). Plaintiff, hoping to change Defendant's mind, continued to work to meet with Welle and "Scott," Defendant's hiring manager. (*Id.*).

Upon arrival, Plaintiff learned that Welle had decided to terminate his employment because Welle felt that Plaintiff, in a team meeting with kitchen staff, believed that his ideas were "better

than" those from management, and that Welle further believed that Plaintiff acted arrogantly. (*Id.*). Scott allegedly added that "[w]e just don't think you're a good fit" and explained that reconciliation was not possible. (*Id.*)

Plaintiff, arguing *pro se*, subsequently brought suit against Defendant, alleging wrongful termination on the basis of race and color in violation of Title VII of the Civil Rights Act of 1964. (Doc. No. 1). Defendant has now moved to dismiss Plaintiff's claim under Rule 12(b)(6).

## II.     Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual

allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* A court holds "pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relieve above the speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

### III. Analysis

Defendant argues that Plaintiff's pleadings, including the Original Complaint (Doc. No. 1), the First Amended Original Complaint (Doc. No. 4), and the First Amended Employment Discrimination Complaint (Doc. No. 5), should be dismissed because they lack both fair notice and plausible factual allegations to support liability against Defendant. (Doc. No. 7 at ¶ 12). Specifically, Defendant notes that Plaintiff's pleadings are entirely absent of factual allegations to support the claim that his termination was in any way related to his race, color, or other protected classification. (*Id.* at ¶¶ 12–13).

A review of Plaintiff's pleadings makes clear that Plaintiff has failed to allege facts to support a reasonable inference of unlawful employment discrimination under Title VII. Plaintiff provides no facts demonstrating, or even suggesting, that Defendant terminated him due to his race or color. Instead, Plaintiff basis his claims on what appears to be nothing more than conflicting personalities or work styles. As a result, the Court grants Defendant's motion.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. (Doc. No. 7). The Court, however, noting that Plaintiff is proceeding pro se, will allow Plaintiff to file an amended complaint by September 23, 2022, should he choose to do so.

Signed at Houston, Texas, this 1st day of September, 2022.

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE