United States District Court
Southern District of Texas
**ENTERED**
April 27, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENDRICK JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-1339 |
| | § | |
| ORIGINAL CHOP SHOP, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant Chop Shop Holdings, LLC ("Chop Shop" or "Defendant") Motion to Dismiss for Failure to State a Claim. (Doc. No. 16). Plaintiff Kendrick Johnson did not respond to the motion. Having considered the motion and the law, the Court grants Defendant's Motion to Dismiss. (Doc. No. 16).

### I. Background

This is an alleged employment discrimination case. According to the Second Amended Original Complaint Plaintiff was driving to work when he received a call from Derek Welle ("Welle"), Defendant's General Manager. As alleged, Welle informed the Plaintiff that his employment had been terminated. Plaintiff continued on his way to work, hoping to change Defendant's mind upon arrival.

When Plaintiff arrived, Welle and another employee ("Scott"), met with Plaintiff. Welle shared that the termination was due to the fact that he felt Plaintiff believed his ideas were "better than" those of management. Further, Welle believed that Plaintiff acted arrogantly. Scott interjected, sharing that "we just don't think you're a good fit." Plaintiff subsequently brought this suit against Defendant for alleged racial discrimination.

1

In response to the lawsuit, Defendant filed a motion to dismiss. (Doc. No. 7). The Court granted Defendant's previously filed motion to dismiss, but given that Plaintiff was proceeding *pro se*, the Court allowed Plaintiff the opportunity to file an amended complaint. (*See* Doc. No. 11). Plaintiff filed a Second Amended Original Complaint, and Chop Shop Holdings filed another Motion to Dismiss, contending that "Plaintiff's [Amended] Complaint lacks any factual allegations to support his claim for employment discrimination on the basis of race, color, or any other protected class." (Doc. No. 16 at 2). Plaintiff did not respond to Defendant's Motion.

## II. Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). It is important to note that *pro se* plaintiffs are held to a more lenient standard than lawyers when analyzing a complaint. *Pro se* plaintiffs, however, must still plead factual allegations that raise the right to

relief above the speculative level. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III. Discussion

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a motion will be submitted to the judge twenty-one days after filing. Under Local Rule 7.4, a failure to respond will be taken "as representation of no opposition." *See* Local Rule LR7.4. Furthermore, Rule 7.4(a) plainly states that such responses must be filed by the submission date. *Id.*

The Fifth Circuit, however, has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *John v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1986). In fact, the Fifth Circuit has explicitly held that "failure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion." *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012). Therefore, a dismissal pursuant to the local rules based solely on Plaintiff's failure to respond to Defendant's motions would be improper.

Since a dismissal based solely on the local rules and Plaintiff's failure to respond would be improper, this Court will address the merits of the motions.

Defendant urges the Court to Dismiss Plaintiff's Second Amended Original Complaint because it "lacks any factual allegations to support his claim for employment discrimination on the basis of race, color, or any other protected class." (Doc. No. 16 at 2).

Title VII prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions ... because of such individual's race, color, ... or national origin." 42 U.S.C.A. § 2000e-2. In his Second Amended Original Complaint, the pivotal portion of the contentions states that *"**Plaintiff concludes** Mr. Weele['s] subjective claims were merely **place-holding words** to facilitate overt prejudice against Plaintiff who is African American which ultimately lead [sic] to the act of discrimination through termination."* (Doc. No. 15 at 3). A plaintiff's own subjective belief that he was terminated because of his race is a legal conclusion that does not suffice to prevent a motion to dismiss. *See Richards v. JRK Prop. Holdings*, 405 F. App'x 829, 831 (5th Cir. 2010) (granting a motion to dismiss on racial discrimination claims where the only face alleged were that the plaintiff *"believed* she was terminated because she is African-American."). Since there are no other factual allegations supporting Johnson's discrimination claim, the Court grants Defendant's Motion to Dismiss. (Doc. No. 16).

## IV. Conclusion

The Court hereby grants Defendant's Motion to Dismiss. (Doc. No. 16). All other pending motions are denied as moot.

Signed at Houston, Texas, this 27th day of April, 2023.

Andrew S. Hanen
United States District Judge